65 Wn.2d 640 (1965)
399 P.2d 74
UNITED GLASS WORKERS' LOCAL NO. 188, Appellant,
v.
EARL J. SEITZ et al., Respondents.[*]
No. 37237.
The Supreme Court of Washington, Department One.
February 11, 1965.
Bassett, Donaldson & Hafer, for appellant.
Torbenson, Thatcher, Stevenson & Burns (Robert Stevenson, of counsel), for respondents.
*641 ROSELLINI, C.J.
This action was brought to recover a fine which had been imposed upon the defendant Earl J. Seitz by the plaintiff union for violation of his agreement, as a union member, not to work behind an authorized picket line. The defendants moved to strike the complaint, contending that the court lacked jurisdiction of the subject matter and that the complaint did not state a claim upon which relief could be granted.
The trial court treated the motion as a motion for summary judgment. It determined that the court had jurisdiction of the action but dismissed the same on the ground that the constitution of the plaintiff union provided the exclusive remedy for collecting fines  namely, expulsion from the union. This remedy was not employed by the plaintiff, which contends in this court that it had an option to either expel the defendant union member or bring an action to recover the amount of the fine. This action it terms a "damage" action for breach of contract.
[1] The constitution of a labor organization and the rules adopted pursuant thereto form a contract between the association, on the one hand, and its members, on the other. Cox v. United Brotherhood of Carpenters & Joiners of America, 190 Wash. 511, 69 P. (2d) 148.
[2] Undoubtedly, a union member just as a member of any other voluntary association consents to be bound by union rules and to be disciplined for infractions thereof. But the mode of discipline prescribed by the union's organic law must be followed. Minch v. Local Union No. 370, International Union of Operating Engineers, 44 Wn. (2d) 15, 265 P. (2d) 286. Dangel and Shriber, Labor Unions §§ 171 and 175, pp. 195, 199.
The constitution of the plaintiff union provides for the imposition of fines upon members for infractions of union rules and further provides:
"(e) In the event of non-compliance with the decision handed down by a trial or appellate body, the member, officer, local, district council or other subordinate body shall stand suspended from all privileges of the Brotherhood until the provisions of the decision have been complied *642 with. If, however, the decision carries with it an order of expulsion, then such order of expulsion shall immediately take effect, unless an appeal is taken as prescribed by the Constitution...." Sec. 278, Constitution of the Brotherhood of Painters, etc.
There is no provision for recovery of a fine in a court of law.
[3] This court is committed to the view that, when parties to a contract foresee a condition which may develop and provide in their contract a remedy for the happening of that condition, the presumption is that the parties intended the prescribed remedy as the sole remedy for the condition, and this presumption is controlling where there is nothing in the contract itself or in the conditions surrounding its execution that necessitates a different conclusion. Goss v. Northern Pac. Hospital Ass'n 50 Wash. 236, 96 Pac. 1078; Ericksen v. Edmonds School Dist., 13 Wn. (2d) 398, 125 P. (2d) 275.
The constitution of the plaintiff union provides for the suspension or expulsion of a member who fails to pay a fine assessed against him. The plaintiff has pointed to no provision in the constitution and no facts outside it which would tend to rebut the presumption that the remedy provided in the constitution was meant to be exclusive. This is the mode of discipline available to the plaintiff, under its constitution, and it was evidently considered adequate when that constitution was adopted. In any event, it is the only mode to which the defendant member agreed to submit when he joined the union.
Inasmuch as we have determined that the court properly disposed of the case, we need not consider whether there is merit in the plaintiff's theory that the fine is not a penalty, the payment of which the courts of this state will not enforce, but is instead compensatory damages. (See Management, Inc. v. Schassberger, 39 Wn. (2d) 321, 235 P. (2d) 293).
The judgment is affirmed.
HILL, OTT, and HALE, JJ., and JOHNSON, J. Pro Tem., concur.
NOTES
[*] Reported in 399 P. (2d) 74.