[No. 37629. Department Two. September 30, 1965.]

RETAIL CLERKS LOCAL 629, *Appellant*, v. LEROY CHRISTIANSEN et al., *Respondents*, J. C. PENNEY COMPANY, INC., *Intervenor*.*

*Bassett, Donaldson & Hafer*, for appellant.

*John H. Kirkwood* (of *Manley & Kirkwood*), for respondents.

*Schumacher & Charette* and *John Schumacher* (*Koerner, Young, McColloch & Dezendorf* and *William F. Lubersky*, of counsel), for intervenor.

PER CURIAM.—Plaintiff (appellant), a labor union, commenced this action against defendant, one of its members, to secure judgment of $250. The parties waived trial and submitted the case for decision on stipulated facts.

The claim arises from a fine levied by the executive board of the union against defendant after due notice of hearing. Defendant had continued to work for his employer during a strike by the union against J. C. Penney Company, the intervenor.

*Reported in 406 P.2d 327.

The trial court dismissed the action. Although we agree that the judgment must be affirmed, we are not in agreement as to the reasons in support of our conclusion. There are those who agree with the trial judge who was of the opinion that he was "pre-empted of jurisdiction of the subject-matter . . . by reason of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Ch. 7, Sections 141 et seq."

The philosophy and reasoning of the doctrine of pre-emption is exhaustively discussed by the late Mr. Justice Frankfurter in *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 3 L. Ed. 2d 775, 79 Sup. Ct. 773 (1959), wherein he said:

> When an activity is *arguably* subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.
>
> . . . The governing consideration is that to allow the States to control activities that are potentially subject to federal regulation involves too great a danger of conflict with national labor policy. (Italics ours.)

In the instant case, the trial court believed it "arguable" under the act whether defendant had a right to refrain from participating in a strike called by plaintiff union; hence, the action was dismissed.

The other side of the coin is this: since trial, this court has filed its decision in *United Glass Workers' Local No. 188 v. Seitz*, 65 Wn.2d 640, 399 P.2d 74 (1965). The action was brought to recover a fine that had been imposed upon defendant by plaintiff union for violation of his agreement, as a union member, not to work behind an authorized picket line.

*Seitz* held (1) that "the mode of discipline prescribed by the union's organic law must be followed"; and (2) that "there is no provision [in the union's organic law] for recovery of a fine in a court of law." Judgment was entered for defendant.

On oral appellate argument of the instant case, counsel were not able to distinguish *Seitz*, nor are we.

 Thus both theories advanced, although they appear inconsistent, support the conclusion of the trial court. We have held on many occasions that when a judgment is correct, it will not be reversed because the court may have given a wrong or insufficient reason. *Kirkpatrick v. Department of Labor & Indus.*, 48 Wn.2d 51, 53, 290 P.2d 979 (1955), and authorities cited.

The judgment is affirmed.