90 N.J. Super. 391 (1966)
217 A.2d 883
DIVISION 1478 OF AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, AN ASSOCIATION INCORPORATED NOT FOR PECUNIARY PROFIT, PLAINTIFF-APPELLANT,
v.
ERWIN H. ROSS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1965.
Decided March 8, 1966.
*393 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Donald M. Weitzman argued the cause for appellant (Messrs. Weitzman, Brady & Weitzman, attorneys; Mr. Richard P. Weitzman on the brief).
There was no appearance and no brief filed on behalf of respondent.
LABRECQUE, J.A.D.
Plaintiff local union appeals from the involuntary dismissal of its action to collect a fine levied upon defendant.
Defendant, a member of Division 1478 of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America (Amalgamated), was employed as a bus operator by Somerset Bus Co. Inc., Mountainside, New Jersey. On May 23, 1963 a fine in the sum of $50 was assessed against him for infraction of union rules (violation of a union order prohibiting members of the local from entering the dispatcher's office and answering telephone calls). Upon his failure to pay, the present action was instituted in the Middlesex County District Court to recover the amount of the fine. In granting defendant's motion to dismiss, the trial judge ruled that the subject matter of the controversy was preempted by the Labor Management Relations Act of 1947, as amended, 61 Stat. 136 et seq., 29 U.S.C. § 141 et seq., particularly §§ 157 and 158(b), hence the court was without jurisdiction. We disagree.
When an activity is arguably subject to § 7 or § 8 of the act, the state as well as the federal court must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted. San Diego Bldg. Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 *394 (1959). In the instant case the activity involved was not arguably subject to either section referred to. Neither defendant's union membership nor his employment status was in any wise involved. He continued to be employed by the bus company in the same capacity as before. The matter was one purely internal to the union. International Ass'n of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958); Local 100, United Ass'n of Journeymen and Apprentices v. Borden, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963); Local No. 207, Int'l Ass'n of Bridge, etc. Workers' Union v. Perko, 373 U.S. 701, 83 S.Ct. 1429, 10 L.Ed.2d 646 (1963); see Annotation, "Federal Labor Relations Acts as affecting state court jurisdiction of suits between member of labor union and union," 10 L.Ed.2d 1200 (1964).
We hold, therefore, that in the narrow field with which the court was concerned, jurisdiction was not preempted and the court was vested with jurisdiction to determine the controversy. United Auto, etc. Workers of America C.I.O.A.F.L. Local 756 v. Woychik, 5 Wis.2d 528, 93 N.W.2d 336 (Sup. Ct. 1958); compare Retail Clerks Local 629 v. Christiansen, 67 Wash. Dec.2d 29, 406 P.2d 327 (Sup. Ct. 1965).
The judgment is accordingly reversed and the case remanded to the county district court for trial on the merits, subject to the defenses, other than preemption, which have been pleaded by defendant. We express no opinion as to the merits of those defenses.