13 Cal.App.3d 7 (1970)
91 Cal. Rptr. 722
VIRGINIA M. JOST, Plaintiff, Cross-defendant and Respondent,
v.
COMMUNICATIONS WORKERS OF AMERICA, LOCAL 9408, Defendant, Cross-complainant and Appellant.
Docket No. 239.
Court of Appeals of California, Appellate Department, Superior Court, Fresno.
November 17, 1970.
*8 COUNSEL
Duane W. Anderson for Defendant, Cross-complainant and Appellant.
A.A. George for Plaintiff, Cross-defendant and Respondent.
OPINION
MEYERS, J.
On April 18, 1968, Communications Workers of America, Local 9408 went on strike against Pacific Telephone and Telegraph Company and established its picket line. Virginia M. Jost was then a member of the union and employed by Pacific Telephone and Telegraph Company. During the strike, the plaintiff crossed the picket line and worked for her employer without union authorization.
*9 Pursuant to the provisions of the union constitution, charges were filed against the plaintiff and she was found guilty of violating Article XIX, Section 1(e). She was fined $299. The procedure prescribed by the union constitution was followed and no issue is raised of procedural due process.
Communications Workers of America, AFL-CIO CLC Constitution, section 19, provides in part as follows: "Section 1. Members may be fined, suspended or expelled by locals in the manner provided in the Constitution for any of the following acts: (e) working without proper Union authorization during the period of a properly approved strike in or for an establishment which is being struck by the Union or Local."
Virginia Jost, hereinafter referred to as plaintiff, refused to pay the fine and Communications Workers of America, Local 9408, hereinafter referred to as defendant, filed an action in small claims court. Plaintiff countered with a suit for damages in the municipal court, alleging that she, "had never signed the Constitution of the defendant Communications Workers of America, and does not have information as to the requirements or context of the Constitution and/or By-Laws of the defendant organization." She further alleges that the fine was illegal and without consideration, and that the defendant's action to enforce it caused her damages. To this municipal court complaint, the defendant filed a cross-complaint for the amount of the fine. Judgment was against the plaintiff on the complaint, and against the defendant on the cross-complaint. Only the defendant appeals from the judgment.
(1a) Preliminarily, plaintiff's charge that she was not subject to union discipline because she did not sign the union constitution and was ignorant of its terms is fully answered by Item No. 3 in the Settled Statement on Appeal, which reads: "In the year 1953, Virginia M. Jost was accepted for membership in the Communications Workers of America, Local 9408, a duly chartered Local of the International, and when accepted for membership, plaintiff agreed to be bound by the Constitution of the Communications Workers of America and amendments thereto, and rules and regulations then in effect or subsequently enacted by the Union and/or by Local 9408. Virginia M. Jost was a member of Local 9408 at all times from 1953 up to and including May 5, 1968."
It is apparently the contention of plaintiff and the decision of the trial court that a fine levied against a member under the terms of a union constitution is not enforceable in the state court. Counsel agree that no California appellate decision discusses this question.
In other jurisdictions, the constitution and by-laws of a union have long been considered by the courts to constitute a contract between the union *10 and its members. In United Glass Workers' Local No. 188 v. Seitz, 65 Wn.2d 640 [399 P.2d 74, 13 A.L.R.3d 1000], the Supreme Court of Washington recognizes these principles when it states: "The constitution of a labor organization and the rules adopted pursuant thereto form a contract between the association, on the one hand, and its members, on the other. Cox v. United Brotherhood of Carpenters & Joiners of America, 190 Wash. 511, 69 P.2d 148.
"Undoubtedly, a union member just as a member of any other voluntary association consents to be bound by union rules and to be disciplined for infractions thereof. But the mode of discipline prescribed by the union's organic law must be followed. [Citations omitted.]"
In Local 248 UAW v. Natzke, 36 Wis.2d 237 [153 N.W.2d 602], the following language is found: "In International Assoc. of Machinists v. Gonzales the United States Supreme Court stated, `This contractual conception of the relation between a member and his union widely prevails in this country....' This court has consistently held that a union's constitution and by-laws constitute a contract between the union and its members, which contract may be enforced in state courts.
"Appellant does not take issue with this but contends that because the instant union membership contract only specified the remedies of expulsion or suspension for the nonpayment of fines, that such remedies are to be exclusive. Therefore, it is argued that court action to enforce the fine will not lie.
"We consider particularly apposite the statement made by Mr. Justice Brennan by way of footnote in his opinion for the court in NLRB v. Allis-Chalmers Mfg. Co.:
"`It is suggested that while such provisions for fines and expulsion were a common element of union constitutions at the time of the enactment of § 8(b) (1), such background loses its cogency here because such provisions did not explicitly call for court enforcement. However the potentiality of resort to courts for enforcement is implicit in any binding obligation. Surely it cannot be said that the absence of a "court enforceability" clause in a contract of sale implies that the parties do not foresee resort to the courts as a possible means of enforcement. It is also suggested that court enforcement of fines is "a rather recent innovation." Yet such enforcement was known as early as 1867. Master Stevedores' Assn. v. Walsh, 2 Daly 1 (N.Y.)'"
(2) The only serious challenge to the view that union-imposed fines were not collectable in court was based on the argument that court enforcement *11 amounted to coercion of the employee in his exercise of rights protected by the National Labor Relations Act. This issue was decided by the United States Supreme Court in NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175 [18 L.Ed.2d 1123, 87 S.Ct. 2001]. Over a powerful dissent, a five-to-four majority decided in favor of the union and it is now settled that the National Labor Relations Act does not protect the union member from a lawsuit to collect a union-imposed fine.
Local 248 UAW v. Natzke, supra, is directly in point. In that case the Supreme Court of Wisconsin held that where a union member was fined $100 by the union because he crossed a picket line and worked during a strike, a binding obligation in the form of debt was created which was subject to collection by court action.
Also directly in point is North Jersey Newspaper Guild Local No. 173 v. Rakos, 110 N.J. Super. 77 [264 A.2d 453]. In this case, a union member violated several union rules, including the crossing of the union's picket line. A fine was imposed. The New Jersey court affirmed the judgment for the union and, at page 456, stated, "It would appear clear that, in general, a labor union may discipline one of its members for violation of its rules; that such discipline may take the form of a fine, and that such fine, when reasonable and levied in accordance with due process, may be collected in an action at law in the state courts. Division 1478, etc. v. Ross, 90 N.J. Super. 391, 217 A.2d 883 (App.Div. 1966), NLRB v. Allis-Chalmers Mfg. Co. [Citation omitted]; Local 248, UAW v. Natzke [Citation omitted]. See also Annotation, `Right of Labor Union to Enforce in the Courts Fine Validity Imposed upon Member,' 13 A.L.R.3d 1004 (1965)."
(1b) In this case, the defendant also questioned the amount of the fine. Just as in the case under consideration, the union constitution provided for the imposition of a fine in general terms. At page 460, the New Jersey court states: "Defendant next challenges the amount of the fine imposed. The constitution of the union authorizes the imposition of a fine. Under Allis-Chalmers it should not be `unreasonably large.' 388 U.S. at 192-193, 87 S.Ct. 2001."
United Glass Workers v. Seitz, supra, is the only case found or cited by counsel that refuses to enforce a fine that has been properly imposed after a fair determination. It should be noted that the Washington court does recognize the validity of the fine. Its judgment is based entirely on the specific terms of the union constitution which provides for suspension or expulsion of a member who refuses to pay the fine. The court says that the remedy provided by contract is the exclusive remedy. As the sole *12 reason for its decision the court stated at page 75: "The constitution of the plaintiff union provides for the suspension or expulsion of a member who fails to pay a fine assessed against him. The plaintiff has pointed to no provision in the constitution and no facts outside it which would tend to rebut the presumption that the remedy provided in the constitution was meant to be exclusive. This is the mode of discipline available to the plaintiff under its constitution and it was evidently considered adequate when that constitution was adopted. In any event, it is the only mode to which the defendant member agreed to submit when he joined the union." The constitution of the Communications Workers of America has no provision similar to the one considered by the Washington court. That case is distinguishable from ours.
No pleading challenges the reasonableness of the amount of the fine. Nothing in the settled statement on appeal touches on this subject. Plaintiff's brief does not argue the point. It must be assumed that reasonableness of the amount of the fine was not an issue.
We conclude that the plaintiff as a member of the defendant union was bound by the terms of its constitution; that a fine for violating a specific provision of the constitution was lawfully imposed after a fair hearing; that, although the California courts have not previously been called upon to pass on the question, it is the settled law in this country that such a fine becomes a debt enforceable by the courts in an amount that is not unreasonably large. Here, no issue was raised concerning the propriety of the proceedings conducted by the union or the amount of the fine imposed. It follows that the union was entitled to court enforcement of the fine, and the judgment below should be reversed.
It is ordered that the judgment for the cross-defendant on the cross-complaint be reversed and the trial court is directed to enter judgment in favor of the cross-complainant, Communications Workers of America, Local 9408 and against Virginia M. Jost in the sum of $299.
Goldstein, P.J., and Peckinpah, J., concurred.