Argued July 7, reversed and remanded July 23, 1971

## COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO LOCAL 9206, *Appellant, v.* MALONEY, *Respondent.*

486 P2d 1275

*H. William Barlow,* Salem, argued the cause for appellant. With him on the brief were Allen, Stortz & Barlow, Salem.

*William B. Wyllie,* Salem, argued the cause for respondent. With him on the brief were Williams, Skopil, Miller, Beck & Wyllie, Salem.

Before O'Connell, Chief Justice, and McAllister, Holman, Tongue, Howell and Bryson, Justices.

TONGUE, J.

This is an action by a local union to enforce payment of a fine imposed by it upon a member for working during a strike called by the union. Plaintiff appeals from dismissal of the complaint for lack of jurisdiction over the subject matter of plaintiff's complaint.

The primary issue is whether, under the terms of the decision of the Supreme Court of the United States in *NLRB v. Allis-Chalmers Manufacturing Company*, 388 US 175, 87 S Ct 2001, 18 L ed 2d 1123 (1967), the trial court had jurisdiction to proceed with this case, as contended by plaintiff, or whether, in view of statements made by the court in that decision, it was proper for the trial court to dismiss plaintiff's complaint for lack of jurisdiction, as contended by defendant.

Defendant filed a demurrer to plaintiff's complaint both upon the ground that: "It shows on its face that this Court lacks jurisdiction of the matters referred therein" and also because "it fails to state a cause of action against defendant." Thereafter, defendant filed an answer denying most of the allegations of the complaint and alleging, as an affirmative defense, that defendant was a member of the union "only to the extent that he pays his monthly dues," as required in order that he continue employment; that he "never agreed to abide by or support the constitution" of plaintiff's union, "except to the extent that he agreed to tender his periodic dues and initiation fees,"

and that "any attempt at judicial enforcement" of the fine levied by the union against him "is in violation of Article VI, Clause 2 of the Constitution of the United States in that such conduct arguably involves an unfair labor practice" and that "this area has been preempted by Federal law, and the courts of this state have no jurisdiction."

Before the time had expired to file a reply to that answer, the case was apparently set for trial and defendant renewed his demurrer to plaintiff's complaint upon the ground that the complaint showed upon its face that the court lacked jurisdiction of the subject matter of plaintiff's complaint. The demurrer was then sustained upon that ground and a judgment was entered dismissing plaintiff's complaint upon the same ground.

1. Defendant is correct in the contention that, as a general rule, if the subject matter of an action in a state court *arguably* involves an unfair labor practice under the National Labor Relations Act, the state court has no jurisdiction. Thus, in *San Diego Building Trades Council v. Garmon,* 359 US 236, 79 S Ct 773, 3 L ed 2d 775 (1959), the court stated:

> "It is not for us to decide whether the National Labor Relations Board would have, or should have, decided these questions in the same manner [as the state court did]. When an activity is arguably subject to § 7 or § 8 of the Act, the states as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

See also *Plumbers' Union v. Borden,* 373 US 690, 83 S Ct 1423, 10 L ed 2d 638 (1963), and *Iron Workers v. Perko,* 373 US 701, 83 S Ct 1429, 10 L ed 2d 646 (1963).

Defendant also contends that the facts of this case differ from those involved in *NLRB v. Allis-Chalmers, supra,* and involve conduct which is at least "arguably" an unfair labor practice, with the result that this court has no jurisdiction to proceed with this case.

In *Allis-Chalmers* the court did not directly decide the issue whether, in view of the doctrine of "pre-emption," a state court has jurisdiction to enforce a fine levied by a union against a member. Indeed, the court (at p 197) expressly stated that "the question of the extent to which union actions for enforcement of disciplinary penalties is pre-empted by federal labor law" was "not before us." However, the issue directly involved in *Allis-Chalmers* was whether a proceeding by a union in a state court to enforce payment of a fine levied by it against a member of the union violated § 8(b)(1)(A) of the National Labor Relations Act by the engaging in conduct "to restrain or coerce" employees in the exercise of their rights guaranteed by § 7 "to refrain from" concerted activities.

In a five to four decision the court held, on June 12, 1967, after considering all of the facts included in the record of hearings before the National Labor Relations Board, that a proceeding by a union to enforce a fine against a member for crossing a picket line for a strike called by the union did not, under the facts of that case, violate either § 7 or § 8 (b)(1)(A) of the Act. Thus, even though the court stated that it was not passing upon the question of "pre-emption," the clear effect of that decision was to permit the union to proceed with its action in the state court for the collection of a fine under the facts of that case and to confirm jurisdiction of the state

court to enforce payment of a fine levied by the union under the particular facts of that case.①

2. Thus, the question to be decided in this case is whether, based upon the facts as alleged in plaintiff's complaint in this case, it can properly be said that such facts are sufficiently similar to those considered by the court in *Allis-Chalmers* so as to require the same result as in that case—that this state trial court not only had jurisdiction to proceed with the case, but had no choice to do otherwise under the doctrine of "pre-emption" as applied by the Supreme Court of the United States.②

---

① The Supreme Court of the State of Wisconsin then affirmed a decision by a trial court of that state enforcing payment of the fine levied by the union upon a member in an action brought as a test case for that purpose. See Local 248 UAW v. Natzke, 36 Wisc 2d 237, 153 NW2d 602 (1967). See also NLRB v. Granite State Joint Board (1st Cir 1971), 446 F2d 369, 40 US Law Week 2038 (1971).

② As held by the Wisconsin court in Local 248 UAW v. Natzke, *supra,* at 606, in affirming enforcement of the union fine that was subject to consideration in *Allis-Chalmers,* and after referring to the fact that in *Allis-Chalmers* the court stated that the question of "pre-emption" was "not before us":

"Merely because the United States Supreme Court may have left this issue undecided does not mean that Wisconsin is free to interpose a labor policy, with respect to employees engaged in interstate commerce which is in direct conflict to that enunciated by NLRB. Until such time as the United States Supreme Court has spoken with finality on the issue, Wisconsin, under the rule of preemption laid down in San Diego Bldg. Trades Council Millmen's Unions v. Garmon, must defer to decisions of the NLRB which have held that state court enforcement of such fines is protected by the proviso to sec. 8(b)(1)(A) of the National Labor Relations Act."

The court went on to say, after referring to the rule of "pre-emption" as a rule which "ousted" the states of all jurisdiction over such matters:

"We interpret the words 'ousted of all jurisdiction' appearing in the last quoted sentence, in the light of the NLRB's decisions in these union fine cases, as not meaning that state

Since the trial court in this case made the determination that it lacked jurisdiction to proceed with the case upon the ground that, as stated in defendant's demurrer the complaint "shows on its face that this Court lacks jurisdiction of the matters referred therein," it follows that in making such a ruling the court could not properly consider the additional facts alleged as an affirmative defense in defendant's answer, but was confined in making that decision to the facts alleged in plaintiff's complaint.

Upon examination of plaintiff's complaint it appears that defendant was a member of the union; that he worked "without proper union authorization" during a "lawful strike" called by the union; that charges were served upon him for such conduct, following which a trial was held and he was found guilty of such charges and was fined the sum of $195, all in accordance with provisions of the union constitution and bylaws.

We believe that such allegations sufficiently allege ultimate facts substantially similar to those considered by the court in *Allis-Chalmers*. It follows, in our opinion, that the trial court had jurisdiction to proceed with a trial of the issues arising from the allegations of that complaint and those of defendant's answer. It also follows that this case must be reversed and remanded to the trial court for the purpose for such a trial.

It must be noted, however, that the Supreme Court of the United States in *Allis-Chalmers* (at p

courts are without jurisdiction to enforce collection of the fine, but rather that state courts are without jurisdiction to enforce any state policy which is at variance with the one enunciated by NLRB. As will be seen, NLRB decisions make it clear that court enforcement of the instant fines is consonant with federal labor policy as determined by that board."

196) was careful to point out in that case the plaintiff was a "full member" of the union; that he had signed a pledge of allegience to the union, which presumably included a promise to abide by its constitution and bylaws; that he had attended the union meetings at which the membership voted, by secret ballot, to authorize the strike involved in that case. It was also conceded in that case that the procedure followed by the union in imposing the fine against the member in that case was "in every way fair and democratic."[3] It is also implicit in that case the union constitution and bylaws specifically authorized the levying of such a fine.[4]

It is also important to note that the court in *Allis-Chalmers* was careful to point out that "full union membership is not compelled" by collective bargaining agreements between unions and employers which included "union security clauses" and that under such agreements an employee is required only to become and remain "a member of the union * * * to the extent of paying his monthly dues * * *." Thus, the court went on to say, at p 197:

> "Whether those prohibitions [under §§ 7 and 8(b) (1)(A) of the Taft-Hartley Act] would apply if the locals had imposed fines on members whose membership was in fact limited to the obligation of

---

[3] NLRB v. Allis-Chalmers Manufacturing Company, *supra,* at p 195.

[4] See Allis-Chalmers Manufacturing Company v. NLRB, 358 F2d 656, 657 (7th Cir 1966). See also the dissenting opinion in *Allis-Chalmers, supra,* at 1141, and the opinion of the National Labor Relations Board in NLRB v. Allis-Chalmers Manufacturing Company, 149 NLRB 67, 69 (1964). See also Summers, Legal Limitations on Union Discipline, 64 Harv L Rev 1049, 1066–82 (1951); Summers, The Law of Union Discipline and What the Courts Can Do in Fact, 70 YLJ 175 (1963), and Judicial Control of Actions of Private Associations, 76 Harv L Rev 983 (1963).

paying monthly dues is a question not before us and upon which we intimate no view."

Defendant also contends that the enforcement by the courts of fines levied by a union against its members would be contrary to the public policy of this state against judicial enforcement of penalties and forfeitures. Since, however, that contention, even if correct, would not deprive the court of jurisdiction and since the determination of that question may well depend upon the facts, as developed on trial, including provisions of the union constitution and bylaws, we express no opinion upon that question at this time.[9]

Accordingly, for the reasons stated above, the order of the trial court dismissing the complaint in this case for lack of jurisdiction is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

[9] See Local 248 UAW v. Natzke, *supra* note 1, at 608-10, and United Glass Workers' Local 188 v. Seitz, 65 Wash 2d 640, 399 P2d 74 (1965), among other cases and authorities. See also Springer v. Powder Power Tool Corp., 220 Or 102, 106, 348 P2d 1112 (1960).