FRANK HALL, *Respondent*, v. ANTON INDUSTRIES, INC., *Appellant.*

*Camden M. Hall* and *John T. Blanchard* (of *Ashley, Foster, Pepper & Riviera*), for appellant.

*John E. Ederer* (of *Helsell, Paul, Fetterman, Todd & Hokanson*), for respondent.

PETRIE, J.—The trial court held that defendant, Horizon Sportswear, Inc., a Michigan corporation formerly known as Anton Industries, Inc., breached its employment agreement with plaintiff, Frank Hall, and that Hall accordingly is entitled to damages resulting therefrom. The instant appeal is concerned with whether one of the terms of the employment agreement was that defendant answer for the debt owed Hall by the Anton Company, Inc., the assets of which had been purchased by defendant corporation.

The defendant contends on appeal that the only evidence

of an agreement by it to pay the obligations owed plaintiff by the Anton Company was inadmissible hearsay; and that even if such evidence were competent to prove the alleged agreement, such agreement is void and unenforceable by operation of the statute of frauds, RCW 19.36.010(2). We hold that the evidence in support of the agreement between the parties as to the terms of plaintiff's employment was properly admitted and that it was substantial. We hold, further, that the agreement does not lie within the confines of the statute of frauds.

The facts necessary to our decision may be summarized as follows:

Plaintiff was hired by William Anton in June 1970 on behalf of the Anton Company, to develop a line of safety apparel and equipment to be sold to the motor racing industry. In the latter part of 1970 the company failed to pay some of Hall's salary and expenses. In December 1970, plaintiff learned from William Anton of the proposed sale of the assets of Anton Company to a new corporation. Plaintiff was under the impression that William Anton would be the president of the soon-to-be corporation, but there would be new stockholders. In fact, William Anton became president of the division of the new corporation which subsequently did hire Hall. Anton asked Hall to continue working as an employee of the new corporation with the same duties as before. Anton had authority to engage Hall's services on behalf of the new corporation.

Hall agreed to continue working but only upon the condition that Anton Industries, the defendant, would pay Hall the back salary and expenses owed him by Anton Company. To this effect plaintiff testified:

Q Where did that meeting [with Anton] take place then, Mr. Hall?
A While driving between Tacoma and Seattle.
Q What was said during that conversation?
A My primary concern at that time was, of course, again the expenses, back salary. At that time Anton agreed to pay my back salary and expenses if I were to

continue on with the new company in the same capacity.

The record contains testimony of other instances when similar assurances were made to plaintiff by defendant through its agent, William Anton. One such instance was during a trade show jointly attended by William Anton and plaintiff on behalf of defendant during the latter part of January 1971. Hall continued to work for defendant until March 1, 1971, when he was terminated.

■■ Defendant's first contention is that the findings of fact which describe defendant's promise to answer for the debt of the Anton Company are based on the hearsay testimony of plaintiff and his wife, who were the only witnesses at the trial. Testimony by the witnesses as to the terms of Hall's employment agreement with defendant were repeatedly objected to on this basis. The objections were overruled on the tentative ground that testimony by defendant's agents of representations made to Hall regarding the terms of his employment with defendant was evidence of Hall's state of mind. However, it is clear from the facts found by the trial court that Hall's testimony was ultimately accepted by the trial court for the truth of the matters asserted therein.

Hall's testimony was admissible for both purposes. The ruling will not be disturbed if permissible upon any correct ground. *Retail Clerks Local 629 v. Christiansen*, 67 Wn.2d 29, 406 P.2d 327 (1965); *May v. Wright*, 62 Wn.2d 69, 381 P.2d 601 (1963). Hall's testimony was admissible as an admission of a party opponent because it was made by an authorized agent of defendant corporation inconsistent with that party's position at trial. *Drumheller v. Nasburg*, 3 Wn. App. 519, 475 P.2d 908 (1970); *Avgerinion v. First Guaranty Bank*, 142 Wash. 73, 252 P. 535 (1927).

Although the above described testimony by no means stands alone in the record, it does, by itself, constitute substantial evidence of the terms of the employment agreement sued upon. Consequently, we must determine if such an agreement was within the statute of frauds.

■ The Washington statute of frauds, RCW 19.36.010 (2) provides, in part: "Every special promise to answer for the debt, default, or misdoings of another" is void unless made in writing and "signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized." The issue narrows into a question of whether the promise made to Hall constituted a collateral agreement by the new corporation to answer for the debt of the old corporation, or whether the promise was direct and original by the new corporation to Hall to pay for his services.

The trial court found, and there is substantial evidence to support, that Hall agreed to work for defendant in the same capacity as he had for the Anton Company *only* because defendant agreed to pay the back salaries and expenses owed to Hall by the Anton Company. The direct consideration flowing to defendant was the potential contribution Hall could make to the future success of the defendant's business. As such, the employment contract was an original undertaking by defendant designed, in leading part, to benefit defendant economically. Hall's claim, though based on an oral contract, is not precluded by the statute of frauds. *Sposari v. Matt Malaspina & Co.*, 63 Wn.2d 679, 388 P.2d 970 (1964); *Washington Printing Co. v. Osner*, 99 Wash. 537, 169 P. 988 (1918).

The judgment is affirmed.

ARMSTRONG, A.C.J., and RYAN, J. Pro Tem., concur.