OPINION OF THE COURT
John G. Connor, J.
Defendant has moved for partial summary judgment as against plaintiff pursuant to CPLR 3212 (e) upon the ground that “there is no triable issue of fact as to the impropriety of the trial leading to the imposed fine upon which the complaint is based, thereby warranting direction of judgment * * * as a matter of law.” The plaintiff has cross-moved for summary judgment in its favor.
Although the parties devote most of their argument to whether or not defendant was afforded a full, fair and constitutional hearing on the underlying charges which led to the plaintiff union fining him the sum of $181.69 for which *286 judgment is sought with interest in this action, the court finds the solution to the motion, cross motion and the action itself in the constitution and bylaws of plaintiff governing fines and their enforcement.
Defendant states in part in his September 5, 1991 "Affidavit in Support of Motion for Summary Judgment” that "the union Constitution does not provide for a civil action for the collection of fines”. This is correct. In pertinent part the "Constitution and By Laws. IUE AFL-CIO, Local 327” provides the following at article VIII and article X thereof:
"article viii
"suspension and punishment
"Sec. 1. This Union shall have power to fine, suspend or expel officers and members for violation of IUE AFL-CIO Constitution, or their rules, or of the Constitution or By-Laws of this Local Union, or who engages in financial malpractices or corruption or embezzlement or misappropriation of Union funds, or in any activity or course of conduct which is contrary or detrimental to the welfare or best interest of the IUE AFL-CIO or the Local Union, or informing on 'fellow employees’ to management for the purpose of damaging effect or termination of employment of fellow employee * * *
"article x
"penalties
"Any officer or member fined or punished by this Union shall stand suspended from all rights and privileges until the fines are paid or the requirements of the sentence of punishments complied with.”
The following discussion of the problem presented a union in collecting a disciplinary fine via a State court action contained in an en banc decision of the Supreme Court of the State of Washington in Local 112, Intl. Bhd. of Elec. Workers v Bray (112 Wash 2d 253, 257-260, 770 P2d 634, 636-637) is illustrative of the application of contract principles in this area:
"The law is now 'well-settled that a labor union may impose monetary fines upon its members to enforce compliance with its valid rules or to penalize noncompliance, where such penalties are provided for by the constitution or governing rules of the organization, and the offending member is ac *287 corded "due process” in the union proceedings.’ Most of the cases dealing with this subject are state cases. Our review of the many cases cited in an extensive annotation on the subject, which includes cases from this state, demonstrates that the foregoing principle is almost uniformly applied with the results in each case varying only as required by the contract law of the state in whose courts the case was filed, or by the language of the union constitution which is before the court and the facts of the particular case.
"The leading case in our state is United Glass Workers’ Local 188 v. Seitz, 65 Wn.2d 640, 399 P2d 74, 13 A.L.R. 3d 1000 (1965).
"Seltz fully accords with the foregoing principles, while making it clear that 'the mode of discipline prescribed by the union’s organic law must be followed.’ (Italics ours.) Seitz, at 641. This is a recognition of the labor law principle that '[a] union’s constitution and bylaws are the measure of the authority conferred upon the organization to discipline, suspend, or expel its members.’ In affirming a summary judgment dismissing a union’s suit on a fine assessed by it against one of its own members, the late Justice Hugh Rosellini, writing for the court in Seitz, declared the law as follows:
" 'The constitution of the plaintiff union provides for the suspension or expulsion of a member who fails to pay a fine assessed against him. The plaintiff has pointed to no provision in the constitution and no facts outside it which would tend to rebut the presumption that the remedy provided in the constitution was meant to be exclusive. This is the mode of discipline available to the plaintiff, under its constitution, and it was evidently considered adequate when that constitution was adopted. In any event, it is the only mode to which the defendant member agreed to submit when he joined the union.’ Seitz, at 642.
"Seltz is directly in point. Here, as in Seitz, the union’s constitution provides for the suspension or expulsion of a member who fails to pay a fine assessed by the Local against that member. Here, also as in Seitz, the Local did not seek suspension or expulsion of its members but instead brought suit in state court to convert the Local’s fines into civil money judgments against its members. Here, again as in Seitz, the union constitution and bylaws contain 'no provision for recovery of a fine in a court of law.’ It follows that since the Local’s complaint against its members in this case sought to do *288 precisely what Seitz held a union had no authority to do without specific authorization in the constitution or bylaws, a summary judgment dismissing the Local’s complaint was properly granted to thé union members.
"We decline to overrule the holding of Seitz that a union cannot convert a fine imposed on one of its members in a union disciplinary proceeding into a civil judgment against the member in a state court unless the union constitution, or governing rules adopted pursuant thereto, specifically authorizes it to do so. It is only fair to union members that if a union-assessed fine can be converted into a civil money judgment against them, which, of course, would be enforceable by garnishment of the members’ wages or attachment of the members’ property, that the members be made aware of it by the union constitution or bylaws. Our holding is also fair to unions, because they can enforce union-imposed fines against their members in state court if they simply amend their constitutions and/or bylaws to so authorize. Some unions have done this though others have not; that is entirely up to the membership of the particular union. When Justice Rosellini wrote Seitz for this court over 20 years ago, he made it clear to one and all what had to be done in this regard and why.
"The Local also argues that Seitz has been superseded by our recent opinion in Joinette v. Local 20, Hotel & Motel Restaurant Employees & Bartenders Union, 106 Wn.2d 355, 722 P.2d 83 (1986). We disagree.
"As Joinette pointed out, that case concerned a suit brought in the superior court in accordance with the concurrent jurisdiction provisions of section 301 of the Labor Management Relations Act, 1947, (LMRA), 29 U.S.C. § 185 (1982). In Joinette, we simply acknowledged the obvious, that much labor law is governed by federal statute, and that when deciding an issue covered by federal statute (where we have the jurisdiction to do so) 'substantive principles of federal labor law must be paramount in the area covered by the statute.’ The case before us is simply a suit on an indebtedness and does not purport to be a section 301 case.”
This court finds the rationale of the court in Local 112, Intl. Bhd. of Elec. Workers v Bray (supra) compelling. Accordingly, regardless of whether the subject hearing which led to defendants’ fining by plaintiff was valid or invalid the sum sought in this civil action is not recoverable here. Article X of the constitution and bylaws of plaintiff provide plaintiff with its *289 exclusive remedy and that is suspension of defendant until the fine is paid. As stated in Ballas v McKieman (63 Misc 2d 432, 434), "The employee’s relationship with the union is determined by the union’s constitution and by-laws. The constitution and by-laws of an unincorporated association such as plaintiff Union constitute a binding contract.”
Since defendant has already resigned from the union on or about December 3, 1990 even his suspension has become as a practical matter, moot. In any event, the right of the union to suspend defendant is not an issue in this action which seeks only a money judgment and attorney’s fees.
Defendant is entitled to judgment in his favor dismissing plaintiff’s complaint albeit not on the precise grounds recited in the September 5, 1991 notice of motion. The motion is granted without award of motion costs but defendant is entitled to his costs and disbursements of the action. The cross motion is denied, again without award of motion costs.