UNITED STEELWORKERS OF AMERICA, LOCAL 5292, Plaintiff-Appellee, v. SARAH BAILEY *et al.*, Defendants.—(TURNER CO., a DIVISION OF OLIN CORPORATION, Defendant-Appellant.)

(No. 73-379;

Second District (2nd Division)—June 16, 1975.

William B. Dickinson, of Castle, Burns, O'Malley & Countryman, of De Kalb, and Arthur W. Dulemba, Jr., of Stamford, Connecticut, for appellant.

Barbara J. Hillman, of Klieman, Cornfield & Feldman, of Chicago, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff (union) brought a small claims action against the defendants to collect certain fines. The defendants' employer (petitioner) sought to intervene. Upon denial of leave to intervene, petitioner appeals. The sole question is whether the trial court abused its discretion by its action.

The defendants are members of plaintiff's union which represents them as their exclusive bargaining agent with the petitioner. During the summer of 1971, pursuant to a strike call, all members of the union were instructed to honor the picket line, and not to perform work for the petitioner. Contrary to these instructions, and in violation of the union's constitution and bylaws, the defendants performed work for the petitioner.

Defendants were subsequently tried by the trial board of the union and fined for their conduct. The plaintiff brought this small claims action to collect these fines. Pursuant to section 26.1(2)(b) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, § 26.1(2)(b)), the petitioner sought but was denied leave to intervene. The subsection of the Act provides:

"(2) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: * * * (b) when an applicant's claim or defense and the main action have a question of law or fact in common."

Intervention is a matter within the sound discretion of the trial court and its judgment will not be reversed unless a clear abuse of discretion is shown. (*Elmhurst-Chicago Stone Co. v. Village of Bartlett*, 26 Ill.App.3d 1021, 1026 (1975); *Hagen v. Ruby Construction Co.*, 13 Ill. App.3d 725, 728 (1973).) The purpose of allowing intervention is to expedite litigation by disposing of the entire controversy in one action, avoiding multiplicity of actions. (*Seil v. Board of Supervisors*, 93 Ill. App.2d 1, 9 (1968).) One of the goals of the rules governing small claims is to promote expeditious handling of such cases. Historical and Practical Notes, Ill. Ann. Stat. ch. 110A, § 281, at 321 (Smith-Hurd 1968).

Under the intervention statute, it is no longer necessary to show a direct interest in the suit (*Mensik v. Smith*, 18 Ill.2d 572, 590 (1960)), but the applicant must have an enforceable or recognizable right and more than a general interest in the subject matter. *Cooper v. Hinrichs*, 10 Ill.2d 269, 277 (1957); see also *Art Institute of Chicago v. Castle*, 9 Ill.App.2d 473, 479 (1956).

Here, petitioner contends that the trial court abused its discretion by denying it leave to intervene as a party defendant in the main action. The petitioner concedes that it would not suffer a direct and immediate gain or loss by a judgment in the main action, but argues:

"The Petitioner's ability to remain in business during an economic

strike will be undoubtedly jeopardized if Plaintiff successfully claims the right to impose fines against those who would freely offer their services to Petitioner during such a strike. Intervention affords Petitioner the opportunity to assert rights and interests in the employment relationship at the time and in the forum in which Plaintiff jeopardizes those rights and interests."

It is upon these "interests" that the petitioner asserts the existence of a common question of law or fact.

■■ The main action herein was brought to collect fines for breach of certain provisions of the plaintiff's constitution and bylaws. The constitution and bylaws, if not violative of any statute or established rule of public policy, will be deemed valid and enforceable, and constitute a binding contract between the union and its members. (*Napier v. Firemen's Association*, 9 Ill.App.3d 975, 978 (1973); 24 I.L.P. *Labor Relations* § 12 (1956).)[1] This contract is the subject matter of the main action. Petitioner is not a party to the contract, nor has petitioner alleged an enforceable or recognizable right under the contract. The interests claimed by petitioner are general interests which, if allowed to be asserted in this action, might, depending upon the holding, be advantageous to petitioner at some future date. Such interests do not entitle petitioner to intervene as a party defendant. (*Cooper v. Hinrichs; Art Institute v. Castle; Lodge 78 of the International Association of Machinists v. Nickel*, 20 Wis.2d 42, 121 N.W.2d 297, 299 (1963).) The rights asserted by petitioner will not be brought into question by the factual basis underlying the main action nor will the asserted rights be adjudicated by the main action. Intervention of the petitioner would, in fact, inject new issues of law and fact not present or necessary to a determination of the union's case.

We conclude that the petitioner's claim or defense has no question of

---

[1] Courts of other jurisdictions have enforced reasonable fines assessed, in accordance with due process, by unions against members pursuant to the constitution and bylaws of the union. (*Communication Workers of America, Local 6003 v. Jackson*, 516 P.2d 529, 531 (Okla. 1973); *Jost v. Communications Workers of America, Local 9408*, 13 Cal.App.3d Supp. 7, 91 Cal. Rptr. 722 (1970); *Walsh v. Communications Workers of America, Local 2336*, 259 Md. 608, 271 A.2d 148 (1970); *North Jersey Newspaper Guild, Local No. 173 v. Rakos*, 110 N.J. Super. 77, 264 A.2d 453 (1970); *Local 248 UAW v. Natzke*, 36 Wis.2d 237, 153 N.W.2d 602 (1967).) Furthermore, the United States Supreme Court has held that the union's act of fining members who violate an authorized strike call does not constitute an unfair labor practice under section 8(b)(1)(A) of the National Labor Relations Act. (29 U.S.C. § 158(b)(1)(A).) *NLRB v. Allis-Chalmers Manufacturing Co.*, 388 U.S. 175, 18 L.Ed.2d 1123, 87 S.Ct. 2001 (1967); see also *Scofield v. NLRB*, 394 U.S. 423, 22 L.Ed.2d 385, 89 S.Ct. 1154 (1969); *NLRB v. Boeing Co.*, 412 U.S. 67, 36 L.Ed.2d 752, 93 S.Ct. 1952 (1973); note also *Communications Workers of America, Local 9206 v. Maloney*, 486 P.2d 1275 (Ore. 1971) and Annot., 13 A.L.R.3d 1004 (1967).

law or fact in common with the main action. The trial court did not, therefore, abuse its discretion when it denied petitioner leave to intervene.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.