TERRY PAYNE *et al.*, Plaintiffs-Appellants, *v.* JERRY COLLIER *et al.*, Defendants-Appellees.

Fourth District   No. 13375

Opinion filed May 6, 1976.—Rehearing denied June 10, 1976.

Paul T. Manion, of Manion, Janov & Edgar, Ltd., of Hoopeston, and Carmell & Charone, Ltd., of Chicago (David Mathews, of counsel), for appellants.

M. Eugene Wright, of Wright, Young and Wright, of Danville, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The Independent Lift Truck Builders Union, through its executive board, filed suit to collect disciplinary fines levied by the union against the defendants, who were union members. The second amended complaint was dismissed with prejudice and plaintiffs appeal.

Neither the trial judge who dismissed the first amended complaint nor the judge who dismissed the second gave any reasons for their actions. Therefore plaintiffs assume that the sole question on appeal is whether their complaint states a cause of action. The defendants-appellees have not filed any appearance or brief in this court.

The complaint alleges that it was a union rule, of which defendants were aware, that any member who crosses certain picket lines is subject to a fine of up to $1,000 per day. The complaint also alleges defendants crossed the prohibited picket line, charges were filed according to the union constitution, notice was given to defendants, a hearing was held, "the trial jury" determined that defendant Jerry Collier be fined $1,300 and Charles Heard $500, all according to the procedures set forth in the union constitution. Since defendants have refused to pay, the union seeks enforcement through the courts.

■■■ It is a basic principle of law that the constitution, bylaws, rules and regulations of a union constitute a binding contract between the union and its members. (*O'Brien v. Matual*, 14 Ill. App. 2d 173, 144 N.E.2d 446; *Napier v. Firemen's Association*, 9 Ill. App. 3d 975, 293 N.E.2d 384; 24 Ill. L.&Pr. *Labor Relations* §12 (1956).) Although no Illinois case has been found which has specifically addressed the question of whether courts can enforce reasonable fines assessed by unions against their members (see *Steelworkers Local 5292 v. Bailey*, 29 Ill. App. 3d 392, 329 N.E.2d 867), courts in other jurisdictions have enforced such fines. See *Local 248, UAW v. Natzke*, 36 Wis. 2d 237, 153 N.W.2d 602 (1967), and other cases cited in Annot., 13 A.L.R.3d 1004 (1967).

However, our Supreme Court has recently addressed the question of whether a union, an unincorporated association, or representative members of the union, such as the members of the executive board in the case at bar, have standing to bring a suit. *Technical Engineers Local 144 v. La Jeunesse*, 63 Ill. 2d 263, 347 N.E.2d 712.) The court held that, in

order to bring an action at law, all members of the association must be joined, although representative suits may be permissible in equity suits. Since an action for breach of contract is an action at law (*Murley v. Local Union 147*, 133 Ill. App. 2d 578, 273 N.E.2d 538), all members of the union should have been joined as plaintiffs.

Accordingly, since plaintiffs here had no authority to bring suit in a representative capacity, the complaint was properly dismissed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.