*In re* APPLICATION OF SYLVIA BASHORE, COUNTY TREASURER AND EX-OFFICIO COLLECTOR OF LIVINGSTON COUNTY.—(Midwest Land Development Corporation, Petitioner-Appellee, *v.* Albert Baldwin *et al.*, Respondents—(Borden, Inc., *et al.*, Intervening Petitioners-Appellants).)

Fourth District   No. 4—82—0015

Opinion filed September 21, 1982.

Richard J. Berry, of Myers, Daugherity & Berry, Ltd., of Streator, for appellant Borden, Inc.

Edward F. Kelly, of Drendel & Kelly, of Streator, for appellant Streator National Bank.

David R. Gray, of Chicago, for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

Petitioner, Midwest Land Development Corporation, brought an action March 21, 1980, seeking the issuance of a tax deed to property located in Livingston County. Petitioner had purchased the property October 17, 1977, for the amount of unpaid 1976 taxes.

Pratt, one of the joint owners of the subject property, attempted to redeem the property. Petitioner filed a petition to set aside the purported redemption November 17, 1980. The case continued without much progress until November 17, 1981, when Borden, Inc., and the Streator National Bank filed a motion for leave to intervene and a response to petitioner's petition to set aside the redemption. Both intervenors had recently acquired and recorded judgments against Albert Baldwin, the other joint owner of the property in question. Baldwin had been served with the proper notice under sections 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, pars. 744, 747). Baldwin has never appeared in the proceedings.

A hearing was held on the intervenors' motion December 7, 1981. The trial court denied the motion to intervene, holding that neither intervenor had a sufficient interest in the litigation to justify intervention of right or by permission. The trial court made the necessary section 304(a) finding (73 Ill. 2d R. 304(a)), and this appeal followed.

Two issues are raised on appeal: (1) whether a judgment lien arising after the expiration of the right to redeem from a tax sale gives the lien creditor a right to intervene in a proceeding brought by a tax sale purchaser seeking issuance of a tax deed; and (2) if the lien creditor does not have a right to intervene, did the trial court abuse its discretion in denying leave to intervene pursuant to section 26.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26.1(2)).

Intervention of right is governed by section 26.1(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26.1(1)). Section 26.1(1) provides:

> "Upon timely application anyone shall be permitted as of right to intervene in an action: (a) when a statute confers an unconditional right to intervene; or (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof."

A party need not have a direct interest in the pending suit in order to intervene, but it must stand to gain or lose because of "the direct legal operation and effect of a judgment in the suit." (*Caterpillar Tractor Co. v. Lenckos* (1981), 84 Ill. 2d 102, 112, 417 N.E.2d 1343, 1349; *In re Appointment of Special State's Attorneys* (1976), 42 Ill. App. 3d 176, 356 N.E.2d 195.) In *In re Appointment of Special State's Attorneys*, the chairman of the county board sought to intervene, as an

individual, in a suit brought by the State's Attorney to obtain an order compelling the county board to hire part-time State's Attorneys. The trial court denied the chairman's petition to intervene. The denial of intervention was upheld on appeal. The court stated that a petitioner seeking intervention must have something more than a general interest in the outcome of the litigation; he must have an enforceable or recognizable right. The petitioner had alleged that he might be subject to a contempt citation if the county board refused to comply with a court order requiring that additional State's Attorneys be hired and that this gave him an interest in the litigation. The appellate court rejected petitioner's claim as speculative and hypothetical, therefore not falling under section 26.1.

Intervenors admit in their brief that Midwest was not obligated to join them as parties in the proceeding below after their judgment liens arose. The parties do not dispute that, should Pratt redeem the property, petitioners' judgment liens will be enforceable against the subject property. However, petitioners may not redeem the property themselves because they obtained the judgments too late. Their judgment liens are enforceable against the subject property only if Pratt prevails in the case at bar and then elects to redeem. Furthermore, while a judgment in favor of Midwest in the present action will cut off all judgment liens in the subject property, petitioners will still have their judgments against Baldwin and a lien against any real estate he may own.

It is true that if Midwest's petition to set aside the purported redemption is granted, intervenors may find it somewhat more difficult to collect the full amount of their judgments from Baldwin. However, we find this argument to be analogous to the arguments raised in *United Steel Workers of America, Local 5292 v. Bailey* (1975), 29 Ill. App. 3d 392, 329 N.E.2d 867. The petition in *Bailey* sought to recover fines against certain of its members who defied the union's order to strike. Petitioner, the union members' employer, sought to intervene, contending that if a judgment were rendered against the employees, the employees would be less likely to refuse to strike, thus affecting petitioner's ability to remain in business. The Second District rejected this argument, stating:

> "This contract is the subject matter of the main action. Petitioner is not a party to the contract, nor has petitioner alleged an enforceable or recognizable right under the contract. The interests claimed by petitioner are general interests which, if allowed to be asserted in this action, might, depending upon the holding, be advantageous to petitioner at some future date. Such interests do not entitle petitioner to intervene as a party

defendant. [Citations.] The rights asserted by petitioner will not be brought into question by the factual basis underlying the main action nor will the asserted rights be adjudicated by the main action. Intervention of the petitioner would, in fact, inject new issues of law and fact not present or necessary to a determination of the union's case." 29 Ill. App. 3d 392, 394, 329 N.E.2d 867, 869.

If intervenors were allowed to intervene and Pratt were to prevail, then this might result in an advantage to intervenors when they seek to collect on their judgments against Baldwin. This does not, however, entitle intervenors to intervene in the proceeding below. *Bailey.*

Petitioners contend that because of the possibility of a settlement between Midwest and Pratt, Pratt's representation of their interest may be inadequate. However the petitioners are powerless to prevent a settlement between Midwest and Pratt should those parties choose to make such an agreement. We do not interpret section 26.1(1) as requiring intervention where the outcome of the litigation may damage petitioners' interests but where petitioners can do nothing to protect those interests even if intervention is allowed. The trial court properly denied intervention in this case.

Intervenors argue that the trial court erred in denying leave to intervene pursuant to section 26.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26.1(2)). Section 26.1(2) provides: "Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: (a) when a statute confers a conditional right to intervene; or (b) when an applicant's claim or defense and the main action have a question of law or fact in common." Pratt's claim is based upon a right of redemption against Midwest; intervenors' claim is a judgment lien against Baldwin. These claims do not have a common question of law or fact.

■ The decision of the trial court allowing or denying permission to intervene will not be disturbed unless a clear abuse of discretion is shown. *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Harris Trust & Savings Bank* (1978), 63 Ill. App. 3d 1012, 380 N.E.2d 835; *Ackmann v. Clayton* (1976), 39 Ill. App. 3d 1013, 350 N.E.2d 824.

■ We conclude that the decision of the trial court denying permission to intervene did not amount to an abuse of discretion.

The judgment of the circuit court of Livingston County is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.