LOCAL 336, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Plaintiff-Appellant, v. GEORGE ANGELACOS, Defendant-Appellee.

Second District    No. 2—85—0538

Opinion filed July 7, 1986.

Stephen A. Yokich, of Cornfield & Feldman, of Chicago, for appellant.

Julie Ann Garrison and Ronald L. Lipinski, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Local 336, International Brotherhood of Electrical Workers, AFL-CIO, appeals from an order dismissing its small claims action against defendant, George Angelacos, as barred by a prior judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(4).) Plaintiff contends the trial court erred in its determination that a former

action between these parties operated as *res judicata*.

In September 1983, charges were filed against defendant by members of plaintiff union, of which defendant was also a member, alleging he had crossed a picket line to work for American Telephone and Telegraph Company during a strike in violation of the union constitution. A trial board was convened by plaintiff union to hear the charges and, in an *ex parte* hearing held on October 1983, defendant was found guilty and fined $1,620. When defendant refused to pay the fine, plaintiff commenced a small claims action in the circuit court to collect it. That case proceeded to trial in September 1984, before a jury and, at the close of plaintiff's case, defendant's motion for a directed verdict was granted. The trial court found that notice to defendant of the charges and of the trial-board hearing was required by the union bylaws and not given to defendant. Judgment was thereupon entered for defendant in that case and plaintiff did not appeal.

Thereafter, the union trial board reconvened to again hear the same charges against defendant. The charge specifications and notice of hearing were served personally upon defendant, who appeared at the hearing, and the trial board again found defendant to be guilty of the charges and levied a fine against him of $1,601. When defendant refused to pay this fine, a second small claims action was commenced by plaintiff in the circuit court to collect it. Defendant's motion to dismiss on grounds the prior judgment in his favor was *res judicata* was granted by the trial court, and this appeal followed.

■■ A union's constitution and bylaws constitute an enforceable contract between a member and his union (*United Steelworkers of America v. Bailey* (1975), 29 Ill. App. 3d 392, 394, 329 N.E.2d 867), and a union may fine a member for breach of that contract (*Scofield v. National Labor Relations Board* (1969), 394 U.S. 423, 428, 22 L. Ed. 2d 385, 392, 89 S. Ct. 1154, 1157). However, no member of a labor organization may be fined or otherwise disciplined by the organization, except for nonpayment of dues, unless the member has been served with written specific charges, given a reasonable time to prepare his defenses and afforded a fair hearing. (29 U.S.C. sec. 411 (1982).) The bylaws of plaintiff union required that a copy of the charges must be furnished to defendant together with notice of the time of hearing before the trial board. The trial court directed the verdict for defendant in the trial of plaintiff's first action against defendant on its finding at the close of plaintiff's evidence that defendant had not received the required notice.

■■ The issue presented in this appeal is whether that prior

judgment acted as a *res judicata* bar to the present action by plaintiff. The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action for the same claim. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 256, 461 N.E.2d 959.) *Res judicata* is a judicially created doctrine designed to protect litigants from the burden of retrying an identical cause of action or issue with the same party, and to assist judicial economy by prohibiting repetitive litigation (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834), and the principal extends not only to questions which were actually litigated, but also to all questions which could have been raised or determined (*People v. Bone* (1980), 82 Ill. 2d 282, 287, 412 N.E.2d 444, *cert. denied* (1981), 454 U.S. 839, 70 L. Ed. 2d 120, 102 S. Ct. 145).

Plaintiff contends the judgment in the first case between the parties was not on the merits and, therefore, cannot operate as a bar to the second action. It also argues that a valid union trial-board hearing is a precondition to a subsequent court action to collect a fine there imposed. Because of the failure to serve notice of the first trial-board hearing, plaintiff's right to recovery in that action failed and, plaintiff argues, as the notice precondition was met in the second trial-board hearing, the second circuit-court suit should be permitted to continue. Plaintiff relies upon the Restatement (Second) of Judgments, which notes an exception to the general rule of *res judicata* where there is a dismissal or judgment for defendant which rests on plaintiff's failure to satisfy a precondition to the suit. (Restatement (Second) of Judgments sec. 20 (1982); see also *Segal v. American Telephone & Telegraph Co.* (9th Cir. 1979), 606 F.2d 842.) Plaintiff also offers in support of its argument *People ex rel. Cherry Valley Fire Protection District v. City of Rockford* (1970), 122 Ill. App. 2d 272, 258 N.E.2d 577, and *In re Petition to Annex Territory to Village of Green Oaks* (1975), 25 Ill. App. 3d 1078, 324 N.E.2d 193.

In response, defendant contends that the merits of plaintiff's case against him were adjudicated in the first circuit-court action as the court entered judgment for defendant for plaintiff's failure to prove the essential notice element of its case. Defendant asserts that *res judicata* is founded upon the premise that litigation should have an end and no person should be unnecessarily harassed with multiple lawsuits (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831) and that where there are

identical parties and subject matter, as in this case, the prior judgment should bar the subsequent action (*City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 367 N.E.2d 1305). Defendant argues that *res judicata* embraces not only what has been actually determined in the former suit, but also extends to any other matter which might have been raised and determined in the first suit. *Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577, 394 N.E.2d 1164.

The parties do not dispute that there exists an identity of parties, subject matter and cause of action between the two circuit court small claims actions which sought to enforce plaintiff's contractual right to impose a fine upon defendant under the union constitution and bylaws. They also appear to agree that if in the first case there was an adjudication "on the merits" the second case would be barred by the doctrine of *res judicata*. The parties further agree there is no directly applicable case law in Illinois relating to the question presented.

Often, litigants asserting or opposing application of *res judicata* refer to Supreme Court Rule 273, which governs the effect of an involuntary dismissal, and provides that such a dismissal is, with certain exceptions, an adjudication on the merits. (87 Ill. 2d R. 273.) Cases arising under that rule do not directly aid the present inquiry, however, as here the first case between the parties resulted in a judgment entered for defendant and not a dismissal of the action. (See *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 434, 447 N.E.2d 834.) Under Rule 273, an involuntary dismissal of an action, other than for lack of jurisdiction, improper venue or failure to join an indispensable party, is considered as an adjudication upon the merits of a cause constituting a final, appealable order and a bar to subsequent suits between the parties arising out of the same transaction. (*Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780, 782, 275 N.E.2d 468.) As earlier noted, we do not consider Rule 273 to have direct application to this case as the first trial resulted in a judgment for defendant entered at the close of plaintiff's case in chief. For analogy, however, if defendant in that case had by pretrial motion under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) sought involuntary dismissal of the case on the ground defendant had not received notice of the first trial-board hearing, it is likely the trial court would have granted it; that was the same ground upon which the court subsequently directed a verdict for defendant in trial. In that event, it seems apparent that Supreme Court Rule

273 would have been applicable to plaintiff's second action against defendant as the first would have been an involuntary dismissal which operated as an adjudication on the merits by virtue of the rule and *res judicata* would clearly apply.

■ We see no basis for a different conclusion under the procedural posture of this case. In its first circuit court action, plaintiff sought to enforce a fine imposed by it against defendant, allegedly pursuant to the contractual relationship between the parties. Defendant was served with process and appeared in that matter and plaintiff presented in trial the evidence upon which it based its right to recover. The trial court, having jurisdiction of the parties and the subject matter, found that the evidence was insufficient to establish that plaintiff had been given notice of the charges and hearing, as was required by the union bylaws, and entered judgment for defendant. It is clear that entry of a judgment on the merits is a requisite to the application of *res judicata* (*People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65, 69, 360 N.E.2d 773), and we consider the trial court did so in that case. As all other elements necessary for application of the doctrine are present, we conclude that judgment barred relitigation of the matter of the fine in the subsequent suit.

We have considered the "precondition" argument made by plaintiff and note it was rejected by the appellate court in *Muscare v. Voltz* (1982), 107 Ill. App. 3d 841, 842-43, 438 N.E.2d 620. *People v. City of Rockford* and *In re Petition to Annex Territory to Village of Green Oaks* also must be distinguished as the *res judicata* claims there asserted failed because the prior adjudications concerned different subject matters or parties than in the later causes in which the doctrine was sought to be applied. We have also considered other cases offered by plaintiff in support of its argument and do not find them to be relevant to the issue presented here.

Accordingly, the judgment of the circuit court will be affirmed.

Affirmed.

SCHNAKE and REINHARD, JJ., concur.