LOCAL 336, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Plaintiff-Appellant, v. PATRICIA DETORRICE, Defendant-Appellee.—LOCAL 336, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Plaintiff-Appellant, v. CHRISTOPHER SABATHNE, Defendant-Appellee.

Second District   Nos. 2—85—0904, 2—85—0914 cons.

Opinion filed December 31, 1986.—Rehearing denied February 9, 1987.

Stephen A. Yokich, of Cornfield & Feldman, of Chicago, for appellant.

Robert B. Ulrich, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Local No. 336, International Brotherhood of Electrical Workers (IBEW), AFL-CIO, filed separate small claims complaints against defendants, Patricia Detorrice and Christopher Sabathne, claiming an indebtedness of $1,018.40 and $451, respectively, for assessments levied against each defendant as members of the union. Each defendant moved for summary judgment, and the trial court granted each motion. As the same issues are presented by the parties, the cases were consolidated by this court on appeal.

Plaintiff raises the following issues for review: (1) whether the procedure used to reconvene a union trial board in 1984 to hear the charges filed in 1983 by union members against defendants is permitted under the IBEW constitution, and (2) whether the procedure used to reconvene a union trial board in 1984 to hear the charges filed in 1983 by union members against defendants is contrary to Federal law under section 411(a)(5) of the Labor-Management Reporting and Disclosure Act (29 U.S.C. sec. 411(a)(5) (1982)). Defendants raise an additional issue: whether plaintiff, as a voluntary unincorporated association, lacked standing to maintain a suit to enforce the judgment of

the union trial board as the alleged wrongful acts of defendants prompting plaintiff's action occurred in 1983, prior to the January 1, 1984, effective date of the statutory grant of standing to a voluntary unincorporated association to sue and be sued in its own name in section 2—209.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.1).

The facts are not in dispute. On March 14, 1985, plaintiff filed small claims complaints to collect $1,018.40 from defendant Detorrice and to collect $451 from defendant Sabathne for their failure to pay fines levied by union trial boards duly convened under the IBEW constitution. These assessments arose out of alleged conduct which occurred during the 1983 nationwide strike by workers of the American Telephone and Telegraph Company. The Detorrice complaint included a copy of the charges filed by union members on September 12, 1983, which alleged that she violated certain sections of the IBEW constitution by crossing picket lines and working one week during the strike. The Sabathne complaint included a copy of the charges filed by a union member on October 5, 1983, which alleged that Sabathne violated sections of the IBEW constitution by crossing picket lines during the strike and working three days. Attached to each complaint were copies of the unclaimed 1984 certified letters notifying defendants of the charges filed in 1983 and of the international vice-president's decisions to reopen their cases, copies of the unclaimed 1984 certified letters notifying defendants of the final decisions of the union trial boards, and copies of the affidavits of personal notification of defendants prior to the 1984 trial-board hearings.

Detorrice appeared and filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005) alleging that she is entitled to judgment as a matter of law because the trial board was reconvened in direct violation of the IBEW constitution, that the procedures utilized by plaintiff violated her due process rights guaranteed by the Labor-Management Reporting and Disclosure Act (29 U.S.C. sec. 401 *et seq.* (1982)), and that plaintiff improperly filed this action pursuant to section 2—209.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.1) as the alleged conduct underlying this action occurred prior to the effective date of the statute. She also submitted copies of the IBEW constitution, the bylaws for Local 336, and a union manual entitled "How to Conduct a Hearing." Sabathne appeared and, after unsuccessfully moving to dismiss the complaint pursuant to section 2—619(a)(9) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) contending that the union trial board was convened more than 45

days after the charges were filed in violation of the IBEW constitution and that the reconvening of the union trial board violated his right to due process of law, moved for summary judgment. Although no formal motion was located in the record, a memorandum in support of his motion was included which presented the same arguments and included generally the same attachments as Detorrice's summary judgment motion.

The record reveals that the charges filed in 1983 against each defendant were heard by a union trial board in November 1983. These trial boards rendered their decisions at that time finding defendants guilty of the charges and assessing the fines. Neither defendant had received personal notice of the 1983 hearings as the certified letters sent to each defendant notifying them of the charges and their hearings went unclaimed. It also reveals that plaintiff filed small claims suits in early 1984 to collect these assessments; however, upon learning that similar small claims complaints were being dismissed because plaintiff failed to give proper and sufficient notice of the charges and the union trial board hearings to the union members, plaintiff agreed to a stipulation to dismiss the complaints against each defendant. Thereafter, plaintiff then personally served notification on each defendant informing them that the international vice-president had ordered the union trial boards to reconvene and reopen their cases for further consideration. After hearings at which defendants did not appear, the trial boards again found defendants guilty of the charges and levied the same assessments as in 1983. The trial court granted both motions for summary judgment and dismissed the cases without specifying the basis for the decisions.

Plaintiff's first contention is that the trial court improperly granted defendants' motions for summary judgment as the procedure utilized by the international vice-president directing the union trial board to reconvene and reopen defendants' cases was not violative of the IBEW constitution and is supported by a reasonable interpretation of the powers provided for the international vice-president in the IBEW constitution. Relying on article 27, section 6 of the IBEW constitution, plaintiff argues that the IBEW constitution specifically grants the international vice-president the power to direct a union trial board to reconvene and reopen hearings on a case at any time. Article 27, section 6, provides:

"When the trial board has reached a decision, it shall report its findings, and sentence, if any, to the next regular meeting of the L.U. [Local Union] Such report or action of the board shall not be discussed or acted upon by the L.U. The action of

the trial board shall be considered the action of the L.U., and the report of the board shall conclude the case, or cases, except for the accused having the right to appeal to the I.V.P. [International Vice-President], then to the I.P. [International President], then to the I.E.C. [International Executive Council] and then to the I.C. [International Convention]. However, the board may reopen and reconsider any case or cases when it feels the facts or circumstances justify doing so anytime within thirty (30) days from the date [the] decision was rendered. The board shall reopen any case or cases when directed to do so by the I.V.P. or I.P."

It also argues that the 30-day limitation is placed only upon the union trial board's power to reopen the case. Plaintiff asserts that this reasonable interpretation is supported by the union's "Suggested Guide for Hearing Officials in the Conduct of Local Union Hearings" which provides, in part:

"The Trial Board may reopen and reconsider any case or cases only when subsequent facts and circumstances justify doing so any time within 30 days from the date the decision was rendered. It shall do so when directed by the International Vice President or the International President at any time. (Article XIX, Section 12.) The 30 day limitation is also applicable to Article XXVII, Section 6." (Emphasis added.)

Defendants respond that because the IBEW constitution requires the trial board to proceed within 45 days after filing the charges, the 1984 decision of the union trial board is null and void as it failed to proceed within the 45-day limitation period. They also respond that plaintiff's interpretation of the IBEW constitution concerning the international vice-president's power to reopen a case at any time conflicts with the purpose of other sections of the IBEW constitution which emphasize the eventual finality of union trial-board decisions. Finally, the defendants argue that it is improper for plaintiff to assert that the 1983 decision, which appears to have been rendered in violation of Federal law, extended the 45-day period within which plaintiff was required to act.

■ Until the recent decision in *Local 165, International Brotherhood of Electrical Workers, AFL-CIO v. Bradley* (1986), 149 Ill. App. 3d 193, 499 N.E.2d 577, no Illinois cases have been cited by the parties or found specifically addressing the question of whether courts can enforce reasonable fines assessed by unions against their members. Courts in other jurisdictions, however, have enforced such fines (see *United Steelworkers of America, Local 5292 v. Bailey* (1975), 29

Ill. App. 3d 392, 394, 329 N.E.2d 867 (and cases cited therein); see also 48 Am. Jur. 2d *Labor & Labor Relations* sec. 397 (1979)), and Illinois courts have not specifically prohibited such use of the court system when presented with such a claim (see, *e.g., Local 336, International Brotherhood of Electrical Workers v. Angelacos* (1986), 144 Ill. App. 3d 1060, 495 N.E.2d 626; *International Brotherhood of Electrical Workers, Local No. 399 v. Zoll* (1985), 135 Ill. App. 3d 910, 482 N.E.2d 446; *Payne v. Collier* (1976), 38 Ill. App. 3d 201, 347 N.E.2d 863; *United Steelworkers of America, Local 5292 v. Bailey* (1975), 29 Ill. App. 3d 392, 329 N.E.2d 867). As the parties do not dispute the use of the Illinois courts to enforce the fines levied against defendants, a further discussion of this issue need not be addressed. Court enforcement of an assessment, however, has been denied where it was rendered without sufficient notice to the union member. *International Brotherhood of Electrical Workers, Local No. 399 v. Zoll* (1985), 135 Ill. App. 3d 910, 482 N.E.2d 446; see also Annot., 13 A.L.R.3d 1004 (1967) (noting that court enforcement of assessments has been denied where obtained in violation of the union's constitution).

■■ ■ As a union's constitution, bylaws, rules, and regulations constitute an enforceable and binding contract between the union and union member (*Local 336, International Brotherhood of Electrical Workers v. Angelacos* (1986), 144 Ill. App. 3d 1060, 1062, 495 N.E.2d 626; *Illinois Education Association v. Illinois Federation of Teachers* (1982), 107 Ill. App. 3d 686, 689, 437 N.E.2d 1265; *Payne v. Collier* (1976), 38 Ill. App. 3d 201, 202, 347 N.E.2d 863; *United Steelworkers of America, Local 5292 v. Bailey* (1975), 29 Ill. App. 3d 392, 394, 329 N.E.2d 867; *Napier v. Firemen's Association* (1973), 9 Ill. App. 3d 975, 978, 293 N.E.2d 384; *O'Brien v. Matual* (1957), 14 Ill. App. 2d 173, 197-98, 144 N.E.2d 446), whether the assessments were enforceable below depends upon the reasonable interpretation of the procedures provided for in the constitution, bylaws, rules, and regulations (see *United Steelworkers of America, Local 5292 v. Bailey* (1975), 29 Ill. App. 2d 392, 394, 329 N.E.2d 867). As plaintiff seeks to enforce an assessment it imposed on defendants pursuant to their contractual relationship, a court should only grant enforcement if the procedures utilized by the union in levying the assessments were not in violation of the union constitution and the provisions of the constitution are not violative of any statute or established public policy. (29 Ill. App. 3d 392, 394, 329 N.E.2d 867.) A reasonable interpretation of the procedures provided for in the constitution, like the interpretation of any contract, presents a question of law to be determined independent of any interpretation by the trial court. See generally *Lenzi v. Morkin*

(1984), 103 Ill. 2d 290, 293, 469 N.E.2d 178.

Section 5 of article 27 provides that the trial board "shall proceed with the case not later than forty-five (45) days from the date the charges were filed." The charges against defendants were filed in October 1983, and the union trial boards proceeded to the hearing and decision against defendants in November 1983. These were the same charges brought against defendants when the union trial board proceedings were "reopened" almost one year later. The 45-day requirement clearly was not met for the "reopened" proceedings almost one year later unless, as plaintiff argues, the international vice-president may reopen the original proceedings at any time pursuant to section 6 of article 27. Plaintiff contends that section 6 contains no time limit on the international vice-president's power to order the reopening of a hearing. An examination of the IBEW constitution, together with Local 336's bylaws and the suggested hearing procedures, indicates that plaintiff's interpretation that the international vice-president has the authority to reopen a case at any time is both unreasonable and unprecedented.

■ We agree with defendants' interpretation that section 6 must be read to provide only that a union trial board "may" reopen and reconsider any case within 30 days of its decision, and that the trial board "shall" reopen any case when directed to do so by the international vice-president or international president within the same 30-day period. Although the sentence in section 6 referring to the board's reopening when directed by the international vice-president or president does not contain any 30-day limitation, in the context of section 6 and other provisions of the IBEW constitution, it must be so construed.

Section 6 is contained within the heading of "charges and trials" in the IBEW constitution. Under the separate heading of "appeals" in the constitution, a member is entitled to appeal to the international vice-president and various international officials. These provisions generally are for the protection of the union member so that the member is afforded notification of the charges, a hearing, and an appeal if the findings of the union trial board are against the member. To construe the single sentence in section 6 so as to allow the international vice-president or president to reopen any case at any time and for any reason, as plaintiff maintains, would be unreasonable and contrary to the general procedural protections provided union members in the IBEW constitution. Even were we to assume that the international vice-president or president could order a case to be reopened beyond 30 days of the union trial-board decision under section 6, there is nothing in section 6 which indicates for whose benefit the case may

be reopened or under what circumstances. Such an ambiguity must be strictly construed against the drafter (*Saddler v. National Bank* (1949), 403 Ill. 218, 229, 85 N.E.2d 733; *Berutti v. Dierks Foods, Inc.* (1986), 145 Ill. App. 3d 931, 934, 496 N.E.2d 350), and as the hearing and appellate procedures provided for a union member by the constitution when charges have been brought generally afford procedural rights to protect the union member, section 6 cannot be interpreted here to the union member's detriment.

■ As the international vice-president lacked the power to reopen either of defendants' cases one year after the union trial-board decisions, the procedures utilized in giving notice of the trial-board hearings in 1984 after it reconvened did not correct the lack of proper notice prior to the 1983 hearings. Additionally, the 1984 hearing, taken by itself, is of no effect, even if proper notice was given, as the trial board ruled on charges which were filed more than 45 days before the union trial board acted upon such charges in violation of article 27, section 5 of the IBEW constitution. Although there were no reasons given for the granting of defendants' motions for summary judgment, as a decision of the trial court may be affirmed for any reason appearing in the record (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148, 478 N.E.2d 384; *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9), we find that the trial court's decisions to grant defendants' summary judgment motions to be correct as the assessments were levied against defendants using procedures which violated the IBEW constitution.

Our resolution of the first issue makes it unnecessary to decide the two remaining contentions before this court.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH, P.J., and LINDBERG, J., concur.