**AGFA–GEVAERT, A.G., and, AGFA–Gevaert, N.V., Plaintiff,**

v.

**A.B. DICK COMPANY, Defendant.**

No. 83 C 3213.

United States District Court,
N.D. Illinois, E.D.

Aug. 22, 1991.

Alan Norris Salpeter, Mayer, Brown & Platt, Chicago, Ill., Mark Erich Weber, Mayer, Brown & Platt, Houston, Tex. and David John Branson, Washington, D.C., for AGFA GEVAERT NV and AGFA GEVAERT AG.

Jeffrey D. Colman and Thomas P. Sullivan, Jenner & Block, Chicago, Ill., for AB Dick Co.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant A.B. Dick Company ("A.B. Dick") for partial summary judgment on the plaintiffs' "best efforts" claim. For the following reasons, the motion is granted.

### FACTS

The plaintiffs, a pair of affiliated European firms—Agfa–Gevaert, A.G., based in the Federal Republic of Germany, and Agfa–Gevaert, N.V., based in Belgium (collectively "Agfa")—brought the present lawsuit in 1983, alleging that Chicago-based A.B. Dick breached a contract to purchase a supply of Agfa's A–1 model copiers for distribution in North America. The action was tried before a different judge, with Agfa winning a $10.1 million judgment. On appeal, the Seventh Circuit reversed the judgment[1] and the case was remanded to this court.

Agfa initially raised a pair of alternative claims against A.B. Dick: 1) breach of a requirements contract (i.e. failure to buy all of its requirements for low-volume, plain paper copiers from Agfa), and 2) failure to use its best efforts to sell A–1s. At the first trial, during the jury instruction conference after all evidence had been taken, Agfa withdrew its "best efforts" claim.[2] The record of the instruction conference includes the following discussion:

> MR. BRANSON [Agfa's counsel]: Your Honor, I would like to tell you this morning before we have a debate about the

---

1. 879 F.2d 1518 (7th Cir.1989). The contract in dispute, which modified an earlier contract between the parties, was executed in January 1980 and was to run through August 1984. Further detail regarding the contract can be found in the Seventh Circuit opinion.

2. A third claim, alleging fraud, was withdrawn by Agfa at the close of its case-in-chief.

best efforts instruction that I will withdraw the request for that instruction in its entirety.

THE COURT: Which instruction?

MR. BRANSON: A best efforts instruction of any kind.

. . . .

MR. BRANSON: I withdraw that assuming they don't put in the one they have, which is too confusing for me to understand.

THE COURT: What's your position on that?

MR. HANDLER [A.B. Dick's counsel]: If best efforts is still in the case—

MR. BRANSON: Not anymore.

MR. HANDLER:—we want an instruction.

THE COURT: Best efforts is not in the case.

MR. HANDLER: If they're withdrawing their claim under best efforts, that we violated some sort or best efforts obligation, then you don't have to instruct the jury on it.

MR. BRANSON: That's our position.

THE COURT: Fine. Okay. That simplifies that. . . .

A directed verdict on liability was granted soon thereafter in Agfa's favor on its requirements claim. The jury deliberated and awarded damages on Agfa's requirements claim only.

The Seventh Circuit opinion reversing the judgment discussed "best efforts" with regard to damages on the alleged requirements contract breach, not as a separate claim. 879 F.2d at 1523–24. The appeals panel found that the jury improperly was allowed to consider best efforts in measuring Agfa's damages. *Id.*

On remand to this court, Agfa is pursuing claims alleging breach of a "best efforts" duty and breach of a requirements contract. A.B. Dick, in seeking summary judgment against Agfa on the "best efforts" claim, contends (1) that the claim is barred by the Seventh Circuit opinion and mandate, and (2) that the claim is barred under a theory of abandonment, waiver, res judicata, estoppel, retraxit, or law of the case.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 *reh'g den.,* 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining the existence of any genuine issues of material fact, the court must draw all reasonable inferences in the light most favorable to the nonmovant. *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991).

Both sides in this case agree that Agfa withdrew its "best efforts" claim at the first trial. Agfa and A.B. Dick disagree only on the legal significance of the withdrawal, which is an issue that appropriately can be decided on a summary judgment motion.

Agfa clearly dropped its "best efforts" claim at the first trial, after both it and A.B. Dick had completed their presentations of evidence, without any reservation of rights regarding the claim. The dismissal constitutes a common law *retraxit*—"an open, voluntary renunciation of his claim in court, and by this he forever loses his action." *United States v. Parker,* 120

U.S. 89, 95, 7 S.Ct. 454, 458, 30 L.Ed. 601 (1887) (quoting 3 W. Blackstone, Commentaries 296). Whether *retraxit* survived the advent of the Federal Rules of Civil Procedure is unclear, although F.R.Civ.P. 41 apparently encompasses a modernized form of the doctrine.

Once a defendant has answered a complaint or filed a motion for summary judgment, Rule 41 characterizes dismissals of actions as either voluntary by court order under 41(a)(2), which are presumed to be without prejudice, or involuntary under 41(b), which are presumed to be with prejudice. A court ordering dismissal can override these presumptions by specifying that the dismissal is with prejudice under 41(a)(2), or without prejudice under 41(b).

▮ Here, Agfa's withdrawal of its "best efforts" claim was voluntary, making 41(a)(2) applicable. The judge clearly approved the withdrawal, but did not state explicitly whether the withdrawal was with prejudice. This court finds, however, that the judge's comments and those of counsel for both parties during the instructions conference reflect an intention by all concerned that the withdrawal be with prejudice. The judge stated at one point that "[b]est efforts is not in the case," and Agfa's counsel expressly agreed. At that stage of the case, the judge could hardly have allowed dismissal of the claim without prejudice. *See Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 924 (7th Cir. 1990) (abuse of discretion to dismiss without prejudice under Rule 41(a)(2) after judgment on the merits). Both sides had concluded their presentations of evidence to the jury. Each had a vested interest in having that jury decide the case. Agfa is not entitled to another chance to pursue the claim, and A.B. Dick can no longer be forced to defend against it.

▮ This court's finding that Agfa's claim withdrawal was with prejudice is buttressed by the policy underlying Rule 41(b) and its presumption that dismissals under it are with prejudice. Rule 41(b) dismissals are considered adjudications on the merits for res judicata purposes because the rule

applies in situations—including failures to prosecute a claim, or failures to comply with court orders or procedural rules—"in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them." *Costello v. United States,* 365 U.S. 265, 286, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961). *See also American National Bank & Trust Co. v. City of Chicago,* 826 F.2d 1547, 1553 (7th Cir.1987) ("The decision is on the merits ... for purposes of preclusion when the litigant had an *opportunity* to receive an adjudication from that court. That he bollixed his opportunity by starting the suit too late or failing to prosecute it properly does not justify exposing the defendant to another round."), *cert. denied,* 484 U.S. 977, 108 S.Ct. 489, 98 L.Ed.2d 487 (1987); *Kimmel v. Texas Commerce Bank,* 817 F.2d 39, 41 (7th Cir.1987) (discussing *Costello* ). The circumstances of Agfa's "best efforts" withdrawal are analogous to those underlying Rule 41(b) and its presumption that dismissals are on the merits. A.B. Dick not only was forced to prepare a "best efforts" defense, it had already presented that defense to the jury.

In sum, the court finds that Agfa is precluded from reviving its "best efforts" claim on remand, that there is no genuine issue of material fact regarding that claim, and therefore, A.B. Dick is entitled to summary judgment on that claim.

The court's finding that the dismissal of Agfa's "best efforts" claim was with prejudice makes it unnecessary to address A.B. Dick's alternative arguments.

## CONCLUSION

For the above reasons, summary judgment is granted for defendant A.B. Dick on plaintiff Agfa's "best efforts" claim.

IT IS SO ORDERED.