Slavho K. SLAVOV, Plaintiff,

v.

**MARRIOTT INTERNATIONAL, INC., Defendant.**

**No. 96 CV 5959.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 6, 1998.

---

F. James Foley, Jr., Matuszewich, Foley & Monks, Slavho K. Slavov, F. James Foley, Chicago, IL, for Plaintiff.

J. Paula Roderick, Earl L. Neal & Associates, Chicago, IL, for Defendant.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure

12(b)(1), (5), and (6).[1]  For the following reasons, Defendant's motion is granted.

## I.  BACKGROUND

In August 1993, Plaintiff Slavho K. Slavov ("Slavov") was hired by Defendant Marriott International, Inc. ("Marriott") as a utility recyclist.  On July 18, 1995, Slavov was terminated.  Marriott informed Slavov that he was being discharged from his position for "insubordination and refusal to do an assigned task."  (Def.'s Mot. Dismiss, Ex. B)

On January 16, 1996, Slavov filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that his national origin, Bulgarian, served as the true basis for his discharge.  Although the EEOC was unable to conclude that Marriott violated Title VII of 42 U.S.C. § 2000(e) *et seq.*, it issued a right to sue letter on June 28, 1996.

On September 17, 1996, Slavov filed a pro se complaint in the federal district court, alleging a Title VII violation and the intentional infliction of emotional distress.  The gravamen of Slavov's federal action is that Marriott required him "to perform the job responsibilities of his position as well as two ground keeper [positions] during the working day."

Two days later, on September 17, 1996, Slavov filed a handwritten complaint in state court, consisting of the following paragraph:

> The reason I am filing this complaint is because I believe I was harassed and wrongfully discharged by Marriott International, Inc. I was forced by one of my supervisors and the Director of the Engineering Department to do other peoples jobs, even in extreme weather.  Because I could not do two job positions, I was discharged and my unemployment was denied.  I also was harrassed [sic] by one of the security guards on the day I was discharged.

On November 22, 1996, Marriott filed a Motion to Dismiss Slavov's state court complaint pursuant to 735 ILCS § 5/2–615.  On March 10, 1997, the state court summarily granted Marriott's motion.  Slavov did not appeal the state court's order.

In a June 12, 1997 missive, the United States Marshall Service for the Northern District of Illinois informed Slavov that his federal complaint was never served because Slavov failed to execute a "USM–285" form.  Slavov, who was appointed counsel by this time, informed his attorney of the omission.  Thus, on July 22, 1997, ten months after the complaint was originally filed, Marriott was served.

On August 8, 1997, Slavov amended his federal complaint, abandoning the intentional infliction of emotional distress claim but realleging the Title VII violation.  On September 2, 1997, Marriott filed the instant motion, claiming that Slavov's Amended Complaint must be dismissed on jurisdictional grounds because: (1) service of process was not executed within 120 days, (2) the Amended Complaint exceeds the scope of the EEOC charge, and (3) the doctrine of res judicata precludes federal review.

## II.  DISCUSSION

■  Marriott argues that Slavov's failure to comply with the service of process time limitations in the Federal Rules of Civil Procedure requires dismissal of the Amended Complaint.  Further, Marriott asserts that Slavov cannot show good cause for his failure to properly execute service of process.

Rule 12(b)(5) permits the dismissal of a complaint for "insufficiency of service of process."  Rule 4(m) provides the time limitation upon which service of process may be executed:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the fail-

---

1. The court notes that Defendant only argues jurisdictional grounds as a basis of dismissal.  Therefore, because Rule 12(b)(6) requires the court to examine the sufficiency of a plaintiff's factual pleadings, it is not an appropriate basis for dismissal in this case.

ure, the court shall extend the time for service for an appropriate period.

In *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir.1996), the Seventh Circuit established the proper inquiry a district court makes when determining whether the time requirements under Rule 4(m) are satisfied:

> [A] district court must first inquire whether a plaintiff has established good cause for failing to effect timely service.... [W]here good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended. If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time. Thus, absent a showing of good cause, a district court must consider whether a permissive extension of time is warranted.

(citations omitted.)

Here, the record indicates that Slavov gave the U.S. Marshall Service a summons on the same day he filed the instant complaint. Thus, when Slavov initiated this action, he provided the Marshal Service with the two documents, a complaint and summons, that would ultimately be served upon Marriott. As a pro se plaintiff, it was not unreasonable for Slavov to believe that he was in compliance with the rules governing service of process since he supplied the Marshal Service with the documents actually served upon Marriott. *See Okocha v. G.O. Parking, Inc.*, No. 94 CV 77, 1997 WL 281296, *2 (N.D.Ill. May 20, 1997) (pro se plaintiffs are entitled to leniency when executing service of process); *Davis v. Nat'l R.R. Passenger Corp.*, No. 96 CV 8328, 1997 WL 527287, *3 (N.D.Ill. Aug.19, 1997).

Further, the fact that it took the U.S. Marshal Service over ten months to inform Slavov of the USM–285 form omission should not serve to his detriment. Pro se litigants generally have a right to reasonably rely upon court employed process servers such as the Marshal Service. *See Campbell v. Illinois Dept. of Corrections*, 907 F.Supp. 1173,

1178 (N.D.Ill.1995) (plaintiff who reasonably relied upon Marshal Service demonstrated good cause after nearly two year delay in service); *Patterson v. Brady*, 131 F.R.D. 679, 684–85 (S.D.Ind.1990) (reasonable reliance on clerk's office constituted good cause where service was delayed 20 months). Accordingly, the court finds good cause for the delay, *Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir.1995) ("[T]he Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m)."), and recognizes Slavov's subsequent service of process on July 22, 1997, as valid.[2] *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir.1990) ("Congress intended Rule [4(m)] to be a useful tool for docket management, not an instrument of oppression.")

Next, Marriott argues that Slavov's federal complaint exceeds the scope of his EEOC charge. Specifically, Marriott contends that "[t]here is nothing in [Slavov's] predicate EEOC Charge from which Marriott could infer that plaintiff also was complaining of discrimination in discipline, assignment of work duties, and evaluations, during his tenure." (Def.'s Br. at 10).

▇▇▇ Marriott correctly notes that Title VII plaintiffs may only bring claims in a federal lawsuit which fall within the scope of the companion EEOC charge. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). Claims fall within the scope of the EEOC complaint when they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir.1995) (*quoting Jenkins v. Blue Cross Mut. Hosp. Ins.*, Inc., 538 F.2d 164 (7th Cir.) (en banc), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976)). However, because EEOC complaints are generally drafted by nonlawyers, the Seventh Circuit "does not require a Title VII plaintiff to allege in an EEOC charge each and every fact that combines to form the basis of each claim." *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir.1992).

---

2. However, the court notes that the Marshal Service's failure to advise Slavov of the omission does not ameliorate the fact that this action re-

mained dormant for ten months. Thus, in the future, the court advises Slavov to pursue his disputes proactively and with greater diligence.

■ In this case, Marriott confuses newly alleged facts with newly alleged claims. A comparison between Slavov's EEOC charge and his Amended Complaint reveals that Slavov is simply supporting his discriminatory discharge claim with the factual events giving rise to the claim. Slavov alleged in his EEOC complaint that he "was discharged because of his national origin, Bulgarian." Slavov further averred that the pretextual reasons for his termination were "insubordination and refusal to do an assigned task." Similarly, Slavov asserted in his Amended Complaint that Marriott terminated him "for unlawful and pretextual reasons ... due to his national origin and/or ancestry." Moreover, nowhere in the Amended Complaint does Slavov plead a new basis of discrimination.

Thus, the allegations in Slavov's Amended Complaint regarding Marriott's disciplinary actions, work assignments, and performance evaluations are simply the "pretexual and unlawful reasons" for his discriminatory discharge claim. They are not offered as independently actionable claims. As the Seventh Circuit noted in *Taylor* and *Jenkins*,[3] the failure of the EEOC charge to memorialize the same factual allegations contained in the Amended Complaint does not preclude later consideration by a court. Accordingly, the allegations do not exceed the scope of the EEOC charge.

Marriott next argues that res judicata bars consideration of Slavov's Amended Complaint. Marriott contends that the dismissal of Slavov's state court complaint on March 10, 1997, triggers the procedural bar and prevents this court from addressing the merits of Slavov's Title VII claim. The court agrees.

■ The doctrine of res judicata, or more precisely, claim preclusion, bars a subsequent suit in federal court when there exists: "(1) an identity of the causes of actions; (2) an identity of the parties or their privies;

and (3) a final judgment on the merits." *Kratville v. Runyon,* 90 F.3d 195, 197 (1996). If all elements are satisfied, a plaintiff is precluded from raising not only those claims brought in a previous suit, but claims which could have been brought. *Richards v. Jefferson County,* 517 U.S. 793, ——, 116 S.Ct. 1761, 1765, 135 L.Ed.2d 76 (1996). Because Slavov concedes the "identity of the parties" element, the court only will address the remaining two factors.

Slavov argues that the language of the order dismissing the state court complaint does not constitute a final judgment on the merits because it did not expressly state that the dismissal was "with prejudice." However, for purposes of res judicata, it was not necessary for the dismissal order to contain such a phrase.

■ Marriott moved to dismiss Slavov's state complaint pursuant to 735 ILCS § 5/2–615. A grant of dismissal under this statutory provision constitutes an "involuntary dismissal." *Leow v. A&B Freight Line, Inc.,* 175 Ill.2d 176, 222 Ill.Dec. 80, 676 N.E.2d 1284, 1287 (1997) (recognizing that dismissal under § 5/2–615 and § 5/2–619 is involuntary); *Zurich Ins. Co. v. Baxter Int'l Inc.,* 173 Ill.2d 235, 218 Ill.Dec. 942, 670 N.E.2d 664, 667 (1996). "[A]n involuntary dismissal of an action ... operates as an adjudication upon the merits," Ill.Sup.Ct. Rule 273, and is considered a final and appealable order. *Rein v. David A. Noyes & Co.,* 172 Ill.2d 325, 216 Ill.Dec. 642, 665 N.E.2d 1199, 1204 (1996) ("Rule 273 ... operates as a final judgment on the merits for purposes of res judicata."); *Local 336 v. Angelacos,* 144 Ill.App.3d 1060, 99 Ill.Dec. 179, 495 N.E.2d 626, 629 (1986) ("Rule 273, ... is considered as an adjudication upon the merits of a cause constituting a final, appealable order and a bar to subsequent suits between the parties....") Therefore, the dismissal of Slavov's state court complaint was a final judgment upon the merits.[4]

---

**3.** In relevant part, *Jenkins* provides:
> To compel the charging party to specifically articulate in a charge filed with the [EEOC] the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to

thoroughly describe the discriminatory practices to which they are subjected.
538 F.2d at 168.

**4.** The court notes that Federal Rule of Civil Procedure 41(b), like Illinois Supreme Court Rule 273, similarly provides that an involuntary dis-

Finally, Slavov argues that the "identity of claims" prong has not been satisfied because the state and federal complaints arise out of different facts. Slavov asserts that the state court complaint sought recovery for breach of contract, based on one isolated incident of insubordination; whereas, the federal complaint advanced a Title VII claim based on "unlawful and discriminatory employment practices which occurred throughout the one year preceding [Slavov's] termination." Pl.'s Resp.Br. at 8. The court concludes that the pleading language of both complaints belie the assertion that such a distinction exists.

█ It is well settled that "[a] claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir.1996). "Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action." *Prochotsky v. Baker & McKenzie,* 966 F.2d 333, 335 (7th Cir.1992). Therefore, claims arising out of the same events must be brought together or be forever barred. *Id.*

█ Here, both the state and federal complaints aver that Slavov was wrongfully discharged based on his national origin. In addition, both complaints allege that Slavov was asked to perform additional job duties. When Slavov was unable to satisfactorily complete all his assigned tasks, the complaints conclude that he was wrongfully terminated. Thus, although Slavov may have plead different theories of recovery in the state and federal complaints, both arose from the same common nucleus of operative facts. Therefore, the Title VII claim could have been brought in the state proceedings. *See Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 825, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) (holding that state and federal courts share concurrent jurisdiction over Title VII claims). Slavov's failure to raise his discriminatory discharge theory in state

court, precludes its consideration in federal court. *See Richards,* 116 S.Ct. at 1765 (holding that claim preclusion embraces all claims asserted as well as all claims which could have been asserted); *see also Perkins v. Bd. of Trustees,* 116 F.3d 235, 237 (7th Cir.1997) ("[V]arious ways of contesting the same [discriminatory practice]—breach of contract, violation of Title VII ... violation of state law—must be consolidated in a single suit."); *Sanders v. Venture Stores, Inc.,* 899 F.Supp. 387, 388 (N.D.Ill.1995) (holding that plaintiffs' breach of contract and Title VII claim arose out of defendant's decision to terminate plaintiffs). Accordingly, all elements of res judicata are present in this case.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

█

missal "operates as an adjudication upon the merits." For federal courts' treatment of res judicata defenses involving Rule 41(b), *see Wade v. Hopper,* 993 F.2d 1246, 1252 (7th Cir.1993); *Am. Nat'l Bank & Trust Co. v. City of Chicago,* 826 F.2d 1547, 1553 (7th Cir.1987); *Agfa–Gevaert v. A.B. Dick Co.,* 770 F.Supp. 441, 444 (N.D.Ill.1991).